IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) CARLEEN JENKINS,<br>2) SHELIA VAUGHN,<br>3) CINDY SHAFFER,<br>4) KIMBERLY COX,<br>5) KARIS MYER, and<br>6) LEIGH JACOBS<br><br>           Plaintiffs,<br><br>vs.<br><br>1) CACI INTERNATIONAL INC.<br><br>           Defendant. | Case No.:  5:21-cv-00501-F |

## CACI INTERNATIONAL INC.'S MOTION FOR PARTIAL DISMISSAL OF CLAIMS OF PLAINTIFF CINDY SHAFFER

Pursuant to FED. R. CIV. P. 12(b)(6), Defendant CACI International Inc. ("CACI") respectfully submits this Motion for Partial Dismissal of Claims of Plaintiff Cindy Shaffer against CACI, specifically Counts I and II, brought under Title VII.  CACI also moves for dismissal pursuant to FED. R. CIV. P. 12(b)(1) of Plaintiff Shaffer's Counts I and II, brought under the Oklahoma Anti-Discrimination Act ("OADA").[1] In further support of this Motion, CACI states as follows:

---

[1] CACI files contemporaneously herewith an Answer as to Claims I and II on behalf of the remaining Plaintiffs and an Answer to Count III as to all Plaintiffs, including Plaintiff Shaffer.

**RELEVANT BACKGROUND**

Plaintiff Cindy Shaffer was terminated from employment[2] on January 31, 2020. *See* Charge of Discrimination, Exhibit 1.[3] She acknowledges her termination occurred in January 2020 in her Complaint. *See* Complaint [Dkt. #1, ¶ 68]. Plaintiff Shaffer filed her Charge of Discrimination on December 3, 2020. *See* Exhibit 1. Under the OADA, Plaintiff Shaffer had 180 days after the purported discriminatory or retaliatory action to submit a Charge of Discrimination. Similarly, she had 300 days under Title VII to file her Charge. Accordingly, the deadline for Plaintiff's Charge of Discrimination was July 30, 2020 for her OADA claims and November 27, 2020 for her Title VII claims. Plaintiff's submission to the EEOC on December 3, 2020, fails to come within either of these filing deadlines.

---

[2] Plaintiff has incorrectly sued CACI International Inc. as it was not Plaintiff's employer. CACI International Inc. reserves its objections that it is not a proper party to this litigation that are made as a part of the Affirmative Defenses contained in the Answer filed contemporaneously herewith. However, because there is also an issue as to a failure of Plaintiff Shaffer to properly exhaust certain claims, those exhaustion issues are raised by this Motion.

[3] The Court may consider the EEOC Charge of Discrimination under the circumstances presented here:

> A district court's consideration of a Rule 12(b)(6) motion to dismiss for failure to state a claim is normally limited to the allegations in the complaint, but the "court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity." *Jacobsen v. Desert Book Co.,* 287 F.3d 936, 941(10th Cir.2002); *see Toone v. Wells Fargo Bank, N.A.,* 716 F.3d 516, 521 (10th Cir.2013). Plaintiff expressly referenced the charge in her pleading (Doc. 16 at ¶ 4), defendants provided a copy of the charge (Doc. 18–1), and plaintiff does not contest its authenticity. Pursuant to the foregoing authorities, the Court may therefore consider the charge in the context of ruling on the Rule 12(b)(6) dismissal motion.

*Munoz v. Navistar Int'l Corp.,* No. 13-CV-357-JED-FHM, 2015 WL 5775183, at *2 (N.D. Okla. Sept. 30, 2015).

## **M**OTION TO **D**ISMISS **S**TANDARDS

**F**ED. **R**. **C**IV. **P. 12(b)(1)**

Federal courts are courts of limited jurisdiction and, accordingly, they only have the power to adjudicate claims when jurisdiction is conferred upon them by statute or the Constitution. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., In. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Plaintiff Shaffer cannot establish that she exhausted her statutory remedies under the OADA. Accordingly, her claims of discrimination and retaliation based on gender under the OADA should be dismissed as this Court does not have jurisdiction to hear them.

**F**ED. **R**. **C**IV. **P. 12(b)(6)**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must have sufficient allegations of fact, if taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The Court has explained that two working principles underlie this standards." *Kansas

*Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "First, 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim. And second, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id.* (citations omitted). Factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214. Here, Plaintiff Shaffer cannot establish that she has met the conditions precedent to bring an action under Title VII, and her claims for gender based discrimination and retaliation should be dismissed.

### ARGUMENT AND AUTHORITIES

**I.    TITLE VII CLAIMS**

CACI moves to dismiss Plaintiff Shaffer's claims under Title VII pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiff failed to exhaust her administrative remedies by timely submitting a Charge of Discrimination to the EEOC.

> [B]efore initiating a lawsuit under Title VII, an individual must file a charge with the United States Equal Employment Opportunity Commission ("EEOC") "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The

individual then has ninety days to file suit against the respondent once he or she receives a right to sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). These actions are required to properly exhaust one's administrative remedies under Title VII. *Noland v. City of Albuquerque*, 779 F. Supp. 2d 1214, 1222 (D.N.M. 2011).

*Greene v. Simon Prop. Grp., Inc.*, No. CV 16-0222 KBM/SCY, 2017 WL 3225475, at *3 (D.N.M. May 3, 2017). In this case, Plaintiff was terminated on January 31, 2020. *See* Exhibit 1; Complaint, ¶ 68. She had 300 days within which to submit her Charge to the EEOC, or until November 27, 2020. On the face of the documents, it is clear Plaintiff missed this deadline.

> "[E]ach discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Morgan*, 536 U.S. at 110–13, 122 S.Ct. 2061). Discrete incidents of discrimination include termination, failure to promote, and denial of training opportunities. *Morgan*, 536 U.S. at 114–15, 122 S.Ct. 2061. And the Supreme Court has generally rejected the continuing violation theory—a theory under which a plaintiff's belated EEOC charge is timely with respect to discrete incidents of discrimination or retaliation that occur more than 300 days before the charge on the ground that several discrete incidents are all part of a continual pattern of discrimination.[5] *Id.* at 108, 110, 122 S.Ct. 2061; *see id.* at 106–07, 122 S.Ct. 2061 (describing continuing violation theory). Thus, a plaintiff fails to timely exhaust her administrative remedies relative to a discrete incident of discrimination or retaliation that occurs more than 300 days before she files a charge with the EEOC. *Id.* at 110, 122 S.Ct. 2061.

*Salemi v. Colorado Pub. Employees' Ret. Ass'n*, 747 F. App'x 675, 688 (10th Cir. 2018). Plaintiff failed to exhaust her administrative remedies and her Title VII claims should be dismissed.

## II. OADA Claims

CACI moves to dismiss Plaintiff Shaffer's claims under the OADA pursuant to Fed. R. Civ. P. 12(b)(1). Under Oklahoma law, a complaint of discrimination under the OADA must be filed within 180 days. *See* Okla. Stat. tit. 12, § 1350(B). Plaintiff has made no assertions that she submitted a Charge to either the Office of Civil Rights Enforcement ("OCRE") or the EEOC within 180 days of the last claimed discriminatory action so as to comply with her obligations under the OADA. Unlike federal law claims under Title VII, a failure to exhaust under the OADA is a *jurisdictional* requirement.

> Filing a charge of discrimination with the OHRC within 180 days of the alleged discriminatory conduct is a jurisdictional prerequisite to suit in cases of disability discrimination. *Shackelford v. Oklahoma Dep't of Corrections ex rel. State,* 182 P.3d 167, 168 (Okla.Civ.App.2007); *Forcum v. Via Christi Health System,* 137 P.3d 1250 (Okla.Civ.App.2006). This is true whether the plaintiff pursues a statutory claim of disability discrimination under OADA or a claim for discharge in violation of an Oklahoma public policy under *Burk v. K–Mart Corp.,* 770 P.2d 24 (Okla.1989). *Thomas v. Mercy Memorial Health Center, Inc.,* 2007 WL 2493095, *5 n. 6 (E.D.Okla.2007); *Atkinson v. Halliburton Co.,* 905 P.2d 772, 777 (Okla.1995).

*Barham v. K-Mart Corp.*, 2010 WL 3650684 (N.D. Okla. Sept. 14, 2010).

> By statutory amendments in 2011, the Oklahoma Legislature removed any doubt that OADA provides an exclusive remedy for employment-related discrimination. *See* Okla. Stat. tit. 25, §§ 1101(A), 1350(A). Also, the Legislature unequivocally imposed an administrative filing requirement in jurisdictional terms, stating in pertinent part:
>
> In order to have standing in a court of law to allege discrimination arising from an employment-related matter, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a

6

> charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.
>
> *Id.* § 1350(B) (emphasis added). Standing is a jurisdictional requirement for a plaintiff to plead and prove, and a lack of standing may be challenged by a motion under Rule 12(b)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998). While these principles may apply less rigidly in the context of statutory (as opposed to constitutional) standing, the Court finds that Defendant's Rule 12(b)(1) Motion is procedurally proper under the circumstances.

*Watts v. Oklahoma Dep't of Mental Health & Substance Abuse Servs.,* No. CIV-19-1072-D, 2020 WL 2562811, at *2 (W.D. Okla. May 20, 2020).

On the face of the Complaint and the EEOC Charge of Discrimination, it is clear that Plaintiff's complained of discriminatory or retaliatory acts occurred *at the latest* on January 31, 2020. When coupled with a review of the Charge filed on December 3, 2020, it is clear Plaintiff failed to meet the filing deadline of July 30, 2020 (180 days from the complained of action on January 31, 2020). Accordingly, Plaintiff Shaffer's OADA claim should be dismissed. Alternatively, if the Court finds that Plaintiff Shaffer was entitled to the same time, 300 days, as her Title VII claims, based on the arguments in Section I above, the OADA claims were similarly untimely and should be dismissed.

WHEREFORE, premises considered, Defendant CACI International Inc. moves the Court for dismissal of Count I and II of Plaintiff Cindy Shaffer's Complaint, specifically the claims arising under Title VII and the OADA, and for such other relief the Court deems just and equitable.

Respectfully submitted,


s/ Denelda L. Richardson
DENELDA L. RICHARDSON, OBA # 20103
drichardson@rhodesokla.com
RHODES, HIERONYMUS,
  JONES, TUCKER &GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
***Attorneys for Defendant***
***CACI International Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the Court's ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jacque Pearsall
Jacque@thepearsallgroup.com


/s/ Denelda L. Richardson