# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLEEN JENKINS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-0501-F |
| ) | |
| CACI INTERNATIONAL INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant CACI International Inc. (CACI) moves to dismiss plaintiff Cindy Shaffer's claims alleged in counts I and II. Doc. no. 8. Shaffer has responded, objecting to dismissal. Doc. no. 10. CACI filed a reply brief. Doc. no. 11.

For the reasons stated below, the motion will be granted in part and denied in part.

### Introduction

Shaffer is one of six plaintiffs who brings this employment-related action against CACI. In count I, she alleges discrimination and retaliation claims under Title VII, 42 U.S.C. §§ 2000e et seq., and the Oklahoma Anti-Discrimination Act (OADA), 25 O.S. 2021 §§ 1101 et seq. In count II, she alleges a hostile work environment claim under Title VII and the OADA.[1]

Shaffer's OADA claims are challenged under Rule 12(b)(1), Fed. R. Civ. P. Shaffer's Title VII claims are challenged under Rule 12(b)(6), Fed. R. Civ. P.

---

[1] The motion does not challenge the Fair Labor Standards Act claim alleged in count III.

Despite the different rules involved, all of the issues raised in the motion relate to whether Shaffer timely exhausted her claims.

## Shaffer's OADA Claims

As stated, CACI moves to dismiss Shaffer's OADA claims under Rule 12(b)(1), arguing these claims were not timely exhausted.

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may take two forms: a facial attack challenging the complaint's allegations or a factual attack challenging the facts upon which subject matter jurisdiction depends. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir.1995). When bringing a factual attack, a party may go beyond the allegations without converting the motion to one for summary judgment. *Id*. at 1003. Because CACI relies on Shaffer's EEOC charge, the court construes the Rule 12(b)(1) portion of the motion as a factual attack on jurisdiction.

The OADA requires a charge to be filed with the Oklahoma Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission within 180 days from the last date of the alleged discrimination. 25 O.S. 2021 §1350(B). Furthermore, for purposes of the OADA, failure to file a timely charge is a jurisdictional defect. *See* 25 O.S. 2021 § 1350(B) (to have standing, an aggrieved party must file a charge within 180 days from the last date of alleged discrimination).

Shaffer's response brief offers no arguments to defend her OADA claims. Nor is there anything in the complaint, in Shaffer's charge, or in Shaffer's response brief to suggest that a timely charge was filed for purposes of the OADA. Shaffer's EEOC charge was not brought until December 3, 2020 (doc. no. 8-1, p. 1), which is more than 180 days after January 31, 2020, the termination date alleged in Shaffer's

charge and a date which is consistent with the complaint. Doc. no. 1, ¶ 68 ("In January 2020, Shaffer was terminated for poor performance.")[2]  December 3, 2020, is also more than 180 days after March 2, 2020, the date of termination referred to in Shaffer's response brief's discussion of the Title VII claims. Doc. no. 10, p. 1. In these circumstances, it is appropriate to find, as the court now does, that Shaffer has confessed the motion insofar as it seeks dismissal of her OADA claims. *See* LCvR7.1(g) (any motion not opposed within twenty-one days may, in the discretion of the court, be deemed confessed).

Accordingly, CACI's motion to dismiss Shaffer's OADA claims will be granted for failure to timely exhaust. As exhaustion is jurisdictional for purposes of the OADA, Shaffer's OADA claims will be dismissed without prejudice under Rule 12(b)(1).

## Shaffer's Title VII Claims

CACI moves to dismiss Shaffer's Title VII claims under Rule 12(b)(6), arguing these claims also were not timely exhausted.

In conducting a review under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The inquiry is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Id.*, quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge her claims across the line from conceivable to plausible. *Id.* The mere

---

[2] The complaint also alleges, in ¶ 1, that "plaintiffs" were terminated in June of 2020. That general allegation is disregarded because it is inconsistent with ¶ 68, which is specific to Shaffer. *And see* United States v. Union Pac. R. Co., 169 F.65, 67 (8th Cir. 1909) (a general averment is always controlled and limited by specific allegations on the same subject matter).

metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177.

When conducting a review under Rule 12(b)(6), the court is usually limited to the face of the pleadings. Accordingly, if the court goes outside the pleadings, it must convert the motion to one for summary judgment. Rule 12(d), Fed. R. Civ. P. An exception is recognized, however, if a document is central to the complaint and there is no dispute as to its authenticity. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Shaffer's EEOC charge is cited in the complaint, is central to it, and there is no dispute about its authenticity. Accordingly, Shaffer's charge may be considered without converting the Rule 12(b)(6) motion to a motion for summary judgment.

Because Oklahoma is a deferral state (a state in which a state agency has authority to investigate employment discrimination), Title VII requires Shaffer to file a charge within 300 days of the alleged unlawful employment practice. Davidson v. America Online, Inc., 337 F.3d 1179, 1183, n. 1 (10th Cir. 2003). That said, failure to timely exhaust is not a jurisdictional failing for purposes of a Title VII claim. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Rather than a jurisdictional failing, lack of timely exhaustion is an affirmative defense to a Title VII claim. *See id.* (filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling); Snyder v. Unit Corp., 2020 WL 2089824, *1 (W.D. Okla. April 30, 2020) (failure to exhaust is an affirmative defense). As an affirmative defense, failure to exhaust may only

be considered as a basis for dismissal when the grounds for this defense appear on the face of the complaint. *Id.* It is only when a plaintiff pleads herself out of court by admitting "all the ingredients of an impenetrable defense" that a complaint which otherwise states a claim may be dismissed under Rule 12(b)(6) based on an affirmative defense. *Id.*, quoting Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004).

Shaffer has not pled herself out of court by pleading an impenetrable defense. For one thing, the parties' briefs indicate there may be a fact issue regarding Shaffer's termination date. Secondly, Shaffer suggests it was her employer's actions which resulted in a termination date not of January 31, 2020 (as stated in her charge) but of March 2, 2020.[3] This suggests a possible estoppel argument in response to CACI's affirmative defense.

Moreover, in attempting to answer Shaffer's contention that she was terminated on March 2, 2020, CACI makes arguments which depend on matters outside the pleadings. CACI's reply brief argues that Shaffer had notice of her termination on January 31, 2020, and that the March 2 date which Shaffer's response brief posits as her last date of employment is based on benefits having been extended to her through that date. Doc. no. 11, pp. 3-4. CACI then argues that the date which triggers the 300-day charging requirement is January 31, 2021, the date Shaffer received notice of her termination, despite the March 2 benefits date. This argument depends on facts outside the pleadings because there is nothing in the complaint alleging that Shaffer "received notice" of her termination on January 31, 2020, or that benefits were paid through March 2, 2020.

---

[3] For example, Shaffer argues: "The Defendant's continuation of Plaintiff Shaffer's employment several weeks past the date she was notified her employment was to end is certainly a fact known to the Defendant." Doc. no. 10, p. 1.

5

In these circumstances, the most appropriate course is to deny CACI's motion to dismiss Shaffer's Title VII claims and leave CACI's affirmative defense to be adjudicated at a later stage.

### Shaffer's Request to Amend

Shaffer requests leave to amend if the court should determine that she is required to plead her last date of actual employment was March 2, 2020, rather than January 31, 2020.  This order denies CACI's motion to dismiss Shaffer's Title VII claims.  Accordingly, Shaffer is not required to file a corrected version of the complaint to survive CACI's motion.  Nevertheless, the court will permit plaintiffs to file a First Amended Complaint, if they wish to do so, for the limited purpose of correcting the allegations regarding Shaffer's termination date found in doc. no. 1, ¶ 1 (referring to the termination date of all plaintiffs as June 2020) and ¶ 68 (alleging that Shaffer was terminated in January 2020).  Other than these corrections, any First Amended Complaint which is filed pursuant to this order shall duplicate the original complaint.  This means that a First Amended Complaint filed pursuant to this order will necessarily include the dismissed OADA claims alleged by Shaffer in counts I and II; those OADA claims will remain dismissed even after the filing of the First Amended Complaint, eliminating the need for a new motion to dismiss those claims.

### Conclusion

After careful consideration, CACI's partial motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, as follows.

The motion is **GRANTED** with respect to Shaffer's OADA claims.  These claims, alleged in counts I and II, are **DISMISSED** without prejudice under Rule 12(b)(1), Fed. R. Civ. P.

The motion is **DENIED** to the extent it asks the court to dismiss Shaffer's Title VII claims under Rule 12(b)(6), Fed. R. Civ. P. This ruling is without prejudice to CACI's ability to raise this issue at a later stage.

Plaintiffs may file a First Amended Complaint for the limited purpose described in this order, so long as any such pleading complies with the conditions stated herein. A non-compliant pleading will be stricken. If plaintiffs opt to file a First Amended Complaint as permitted in this order, such pleading is **DUE** within seven days of the date of this order. CACI's answer is **DUE** fourteen days after the filing of such First Amended Complaint.

IT IS SO ORDERED this 19th day of October, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0501p004.docx