# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLEEN JENKINS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-0501-F |
| | ) |
| CACI INTERNATIONAL INC., and | ) |
| its subsidiaries including CACI, INC. | ) |
| – FEDERAL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant CACI International Inc. has moved to strike plaintiffs' First Amended Complaint for failure to comply with the court's October 19, 2021 order. Doc. no. 21. Plaintiffs have responded, opposing defendant's requested relief. Doc. no. 24. The matter is at issue.[1]

### I.

On October 19, 2021, the court entered an order (doc. no. 13) granting in part and denying in part defendant's motion to dismiss plaintiff Cindy Shaffer's claims alleged in counts I and II of the original complaint. In its order, the court stated as follows:

> [T]he court will permit plaintiffs to file a First Amended Complaint, if they wish to do so, for the limited purpose of correcting the allegations regarding Shaffer's termination date found in doc. no. 1, ¶ 1 (referring to the termination date of all plaintiffs as June 2020) and ¶ 68 (alleging that Shaffer was terminated in January 2020).

---

[1] Defendant's Opposed Motion to File Reply Brief (doc. no. 25) is **DENIED**.

> Other than these corrections, any First Amended Complaint which is filed pursuant to this order shall duplicate the original complaint. This means that a First Amended Complaint filed pursuant to this order will necessarily include the dismissed OADA claims alleged by Shaffer in counts I and II; those OADA claims will remain dismissed even after the filing of the First Amended Complaint, eliminating the need for a new motion to dismiss those claims.
>
> * * * *
>
> Plaintiff may file a First Amended Complaint for the limited purpose described in this order, so long as any such pleading complies with the conditions stated herein. A non-compliant pleading will be stricken.

Doc. no. 13, ECF pp. 6-7.

Plaintiffs filed a First Amended Complaint on November 10, 2021. Defendant contends that the amended pleading does not comply with the court's directives. Specifically, defendant asserts plaintiffs have "added Defendants in the style and the opening paragraph; changed the references within the pleading to 'Defendants' rather than 'Defendant[;]' and worked to address the dismissal of Plaintiff Shaffer's OADA claim – resulting in there now being four Counts instead of three Counts, and 113 paragraphs instead of 100 paragraphs in the pleading." Doc. no. 21, ECF p. 3, ¶ 3 (footnote omitted). Because the amended pleading fails to comply with the court's order, defendant requests the amended pleading be stricken and the court award defendant the fees and costs incurred associated with reviewing the amended pleading and filing the motion.

In response, plaintiffs represent they are not opposed to the court striking the amended pleading "if that represents the most expedient route to the merits of the case." Doc. no. 24, ECF p. 1. According to plaintiffs, their filing was "an attempt to comply with the [c]ourt's ruling and bring clarity to the record." *Id*. Plaintiffs

state the new defendants were added because there is considerable confusion as to who employed plaintiffs. They also state they did not add a new cause of action, but rather divided the Title VII and OADA claims into separate causes of action, showing plaintiff Shaffer as not having a cause of action under OADA.

II.

Upon review, the court finds plaintiffs' First Amended Complaint fails to comply the court's October 19, 2021 order and should be stricken on that basis. If plaintiffs wanted to join any additional defendants or separate their causes of action, they should have sought leave to do so. Although plaintiffs filed a non-compliant pleading, the court declines defendant's request for fees and costs.

This matter remains set for status and scheduling conference on December 1, 2021, at 9:15 a.m. The court intends to address the issue of plaintiffs' employer at the conference and the need for filing an amended complaint.

III.

Accordingly, Defendant's Motion to Strike Plaintiffs' First Amended Complaint (doc. no. 21) is **GRANTED**. The First Amended Complaint (doc. no. 19) is **STRICKEN**. The court clerk shall change the docket to reflect the defendant as CACI International Inc. Defendant's Request for Fees and Costs (doc. no. 21) is **DENIED**.

IT IS SO ORDERED this 30th day of November, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0501p009.docx