# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLEEN JENKINS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | Case No. CIV-21-501-F |
| ) | |
| CACI, INC. – FEDERAL, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is Defendant CACI, Inc. – Federal's Motion to Strike Exhibit "Pivot Table" to Plaintiffs' Briefs in Opposition to CACI's Motions for Summary Judgment. Doc. no. 156. As directed, plaintiffs Carleen Jenkins (Jenkins), Kimberly Cox (Cox), and Karis Myer (Myer) have responded to the motion, and defendant CACI, Inc. – Federal (CACI) has replied. Doc. nos. 158 and 159. Upon review, the court finds that the motion should be granted.

In their responses to CACI's summary judgment motions, Jenkins, Cox, and Myer attach an exhibit containing one or more documents identified as "pivot table," "pivot tables," or "Pivot Tables."[1] Plaintiffs describe a pivot table as "a summary tool that wraps up or summarizes information sourced from bigger tables," which could be "a database, an excel spreadsheet or any data that is or could be converted in a table-like form." Doc. no. 158, ECF p. 3 (quotation marks and citation omitted). They represent that the exhibits in question are based on "voluminous data that has been produced in the discovery process by CACI," *id*. at ECF p. 4, but they do not

---

[1] The exhibit is attached as exhibit 6 to Cox and Myer's responses, doc. nos. 139 and 143, and as exhibit 1 and exhibit 5 to plaintiff Jenkins' response, doc. no. 140. The court notes in Cox's response, doc. no. 139, the exhibit is misidentified as exhibit 1 and exhibit 5.

specifically identify what this voluminous data is. In their summary judgment responses, they assert that "raw data from the audit" conducted by CACI on June 14, 2020, "was evaluated using Pivot Tables." Doc. nos. 139, ECF p. 7, doc. no. 140, ECF p. 7, and doc. no. 143, ECF p. 8.

CACI seeks to strike the pivot table exhibits from the court's consideration on summary judgment. The company asserts that the exhibits constitute inadmissible evidence for three reasons: (1) they are not authenticated as required by Rule 901, Fed. R. Evid., (2) they are hearsay, and (3) they were not produced to CACI in discovery as required by Rule 26, Fed. R. Civ. P.

Plaintiffs counter the pivot table exhibits are admissible evidence for four reasons: (1) they qualify as a summary exhibit under Rule 1006, Fed. R. Evid., (2) they are not hearsay as defined in Rule 801, Fed. R. Evid., as they are machine-generated statements rather than a person's statements, (3) even if they are hearsay, they fall within the business records exception under Rule 803(6), Fed. R. Evid., and (4) they were previously produced to CACI during a deposition of one of its witnesses.

In reply, CACI acknowledges plaintiffs' counsel introduced, at the subject deposition, an exhibit consisting of two pages purporting to be the pivot table, but it points out that the exhibits attached to Cox and Myer's responses are seven pages long and one of the two pages introduced at the deposition is not included in those exhibits. CACI also points out that the exhibit attached to Jenkins' response is only one page, and although this page was used in the subject deposition, CACI argues that it does not include the information for which Jenkins cites the exhibit. In addition, CACI maintains that the pivot table exhibits are hearsay because they are not documents generated automatically by a machine. Further, defendant argues that Jenkins, Cox and Myer fail to address the authentication argument.

2

At the summary judgment stage, a party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials[.]"  Rule 56(c)(1)(A), Fed. R. Civ. P.  In opposition, a party "may object that the material cited to ... dispute a fact cannot be presented in a form that would be admissible in evidence."  Rule 56(c)(2), Fed. R. Civ. P.

Summary judgment evidence need not be "submitted in a form that would be admissible at trial."  However, "the content or substance of the evidence must be admissible."  Brown v. Perez, 835 F.3d 1223, 1232 (10th Cir. 2016) (quotation marks and citation omitted).  Further, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated."  Rule 56 advisory committee's note to 2010 amendment.

Rule 1006, Fed. R. Evid., permits a "proponent [to] use a summary ... to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  Generally, testimony from the person who either prepared or supervised the preparation of the summary is required to lay a proper foundation for its admission.  See, State Office Systems, Inc. v. Olivetti Corp. of America, 762 F.2d 843, 845 (10th Cir. 1985); U.S. v. Behrens, 689 F.2d 154, 161 (10th Cir. 1982), *cert. denied*, Wilkett v. U.S., 459 U.S. 1088 (1982).

Here, the record indicates that the pivot tables were created by plaintiffs' lead counsel.  Doc. no. 156-1, ECF p. 2, ll. 4-5.  In their papers, plaintiffs have not proffered a witness who can lay a proper foundation for the admission of the summary exhibits at trial other than plaintiffs' counsel.  The court, however, notes that plaintiffs' counsel is not listed on plaintiffs' witness list.  *See*, doc. no. 110.  In addition, this court has adopted the Oklahoma Rules of Professional Conduct (ORPC), *see*, LCvR83.6, and Rule 3.7 of the ORPC "prohibits a lawyer from serving

3

a dual role in the trial of a case as both an advocate and a witness except in specific circumstances." Bell v. City of Oklahoma City, Case No. CIV-16-1084-D, 2017 WL 3219489, at 2 (W.D. Okla. July 28, 2017) (citing 5 O.S., ch. 1, app. 3-A, r. 3.7, cmt. 3).[2] Without any witness proffered by plaintiffs to sponsor the pivot table exhibits other than lead counsel, the court concludes that plaintiffs cannot satisfy the foundational requirement for the admission of the exhibits at trial under Rule 1006.

In addition, a summary is admissible under Rule 1006 only if all the records from which it is drawn are otherwise admissible. State Office Systems, Inc., 762 F.2d at 845. "A contrary result would inappropriately provide litigants with a means of avoiding rules governing the admission of evidence such as hearsay." United States v. Samaniego, 187 F.3d 1222, 1224 (10th Cir. 1999).

Plaintiffs suggest that the underlying data from which the summary is drawn is non-hearsay or, if hearsay, falls within the hearsay exception for business records, Rule 803(6). As to the former, plaintiffs assert that the underlying data consists of computer-generated records, and because these records were produced by machine, they fall outside the definition of hearsay under Rule 801 since the declarant is not a person. Plaintiffs cite United States v. Channon, 881 F.3d 806 (10th Cir. 2018), *cert. denied,* 139 S.Ct. 138 (2018), in support of their assertion. In that case, the Tenth Circuit concluded that Excel spreadsheets containing data created at the point of sale, transferred to OfficeMax servers, and then passed to third-party database maintained by a third-party, were non-hearsay. However, plaintiffs have not adequately demonstrated in their papers that the underlying data upon which the summary is drawn is computer-generated information. And CACI has not conceded this issue in its briefing. See, United States v. Hamilton, 413 F.3d 1138, 1142 (10th

---

[2] Courts have also stated that Rule 1006 contemplates the summary "will have been prepared by a witness available for cross-examination, not by the lawyers trying the case." U.S. v. Grajales-Montoya, 117 F.3d 356, 361 (8th Cir. 1997).

Cir. 2005) (concluding header information accompanying a pornographic image was not hearsay based on the uncontroverted fact that the header information was automatically generated by the computer without assistance or input of a person).

With respect to the business records exception, Rule 803(6) "contains multiple foundational hurdles which must be cleared before the [summary]" is admissible. Samaniego, 187 F.3d at 1224. Rule 803(6) requires that the custodian or another qualified witness testify that (1) the records were made contemporaneously with the events and kept in the course of a regularly conducted activity of business and (2) it was the regular practice of that activity to make the record. *Id.*, *see also*, Rule 803(6). In their papers, plaintiffs have not proffered any witness to satisfy the foundational requirements of Rule 803(6) for admissibility of the underlying data at trial. Nor have they proffered a certification as allowed by Rule 803(6).

In sum, plaintiffs have failed to show that the pivot table exhibits would be admissible at trial under Rule 1006.

Plaintiffs additionally argue that even if the summary is not admissible at trial under Rule 1006, it would be admissible at trial as non-hearsay and as a business record. But Plaintiffs have failed to demonstrate the summary is based on computer-generated information and have failed to proffer a witness or certification to establish the foundational requirements of Rule 803(6). They have also failed to proffer a witness to lay a proper foundation as to the summary. Therefore, the court concludes that plaintiffs have failed to show that the summary is admissible at trial as non-hearsay or under the business records exception, Rule 803(6).

For the reasons stated, the court concludes that the pivot table exhibits may not be considered for summary judgment purposes.[3]  *See*, Standing Akimbo, LLC v.

---

[3] In light of the court's ruling, the court need not address CACI's argument that the pivot table exhibits should be stricken because they were not produced to CACI in discovery as required by Rule 26, Fed. R. Civ. P.

United States through Internal Revenue Service, 955 F.3d 1146, 1159 (10th Cir. 2020) ("Evidence must be admissible at trial before it can create a genuine issue of material fact for summary judgment purposes.").

Accordingly, Defendant CACI, Inc. – Federal's Motion to Strike Exhibit "Pivot Table" to Plaintiffs' Briefs in Opposition to CACI's Motions for Summary Judgment (doc. no. 156) is **GRANTED**.

DATED this 2nd day of October, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0501p056 rev_.docx